# Supreme Court of Louisiana

The Opinions handed down on the **28th day of January, 2015**, are as follows:

**BY GUIDRY, J.**:

2014-C -0969 C/W 2014-C -0973     CRESCENT PROPERTY PARTNERS, L.L.C. v. AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, BISON BUILDING MATERIALS OF TEXAS, INC., ET AL. C/W GREYSTAR DEVELOPMENT AND CONSTRUCTION, LP v. CRESCENT PROPERTY PARTNERS, LLC, BISON BUILDING MATERIALS OF TEXAS, INC., ET AL. C/W BISON BUILDING MATERIALS OF TEXAS, INC., BISTROL FIBERLITE INDUSTRIES, INC., CHAMPION WINDOW, INC., ET AL. v. GREYSTAR DEVELOPMENT AND CONSTRUCTION, LP. (Parish of Orleans)

Judge Scott J. Crichton, assigned as Justice ad hoc, sitting for Justice Jeffrey P. Victory for oral argument. He now sits as an elected Justice at the time this opinion is rendered.

For the reasons set forth above, we find the court of appeal erred in reversing the district court's judgment confirming the arbitration panel's award. Crescent has failed to carry its burden of proving the existence of any of the statutory bases set forth in La. Rev. Stat. 9:4210 mandating vacatur of the arbitration panel's decision. Accordingly, the court of appeal's judgment is reversed, and the district court's judgment confirming the arbitration panel's award is reinstated.
REVERSED.

JOHNSON, C.J., concurs and assigns reasons.

**SUPREME COURT OF LOUISIANA**

**NO. 2014-C-0969**

**CONSOLIDATED WITH**

**NO. 2014-C-0973**

**CRESCENT PROPERTY PARTNERS, LLC**

**VERSUS**

**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, BISON BUILDING MATERIALS OF TEXAS, INC., ET AL.**

**CONSOLIDATED WITH**

**GREYSTAR DEVELOPMENT AND CONSTRUCTION, LP**

**VERSUS**

**CRESCENT PROPERTY PARTNERS, LLC, BISON BUILDING MATERIALS OF TEXAS, INC., ET AL.**

**CONSOLIDATED WITH**

**BISON BUILDING MATERIALS OF TEXAS, INC., BISTROL FIBERLITE INDUSTRIES, INC., CHAMPION WINDOW, INC., ET AL.**

**VERSUS**

**GREYSTAR DEVELOPMENT AND CONSTRUCTION, LP.**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FOURTH CIRCUIT, PARISH OF ORLEANS**

**GUIDRY, Justice**[*]

We granted writs in these consolidated matters to consider whether the court of appeal correctly vacated the arbitration award, which had been confirmed by the district court. The court of appeal vacated the award on the basis the arbitration panel, in applying a statute of peremption incorrectly, disturbed a vested right of the plaintiff and, thus, the panel violated the plaintiff's due process rights. The court of

---

[*] Judge Scott J. Crichton, assigned as Justice ad hoc, sitting for Victory, J., for oral argument. He sits as an elected Justice at the time this opinion is rendered.

1

appeal found the arbitration panel's interpretation of the law placed an impossible burden on the plaintiff, a burden the panel deemed fundamentally unfair, thereby requiring vacatur of the arbitration panel's award. For the following reasons, we find the court of appeal essentially misinterpreted the laws concerning arbitration, and, thus, erred in failing to limit its review to the factors mandating vacatur articulated in La. Rev. Stat. 9:4210. In reversing the court of appeal's decision, we reiterate well-settled law that otherwise fairly and honestly obtained arbitration awards may not be overturned merely for errors of fact or law.

**FACTS AND PROCEDURAL HISTORY**

A property owner, Crescent City Property Partners, L.L.C. (hereinafter "Crescent"), and a builder, Greystar Development and Construction, LP (hereinafter "Greystar"), entered into a contract in March of 2002 for the construction of a mixed-use development in Lafayette, Louisiana. This development was completed in phases and consisted of multiple structures. A Certificate of Occupancy issued upon the completion of each of the five buildings, with the first issuing on February 28, 2003, and the last issuing on July 24, 2003. A Certificate of Substantial Completion was executed on July 31, 2003, but was not recorded into the mortgage records in Lafayette Parish.

Alleging defects in the builder's performance, and pursuant to the arbitration clause in the construction contract, Crescent filed an arbitration claim against Greystar on July 28, 2008, also naming as a defendant Greystar's surety, American Manufacturers Mutual Insurance Company. In response, Greystar filed a third party demand against various subcontractors, including SLI Framing, Inc., Champion Windows, Floorcrete Enterprises, Southern Stucco, Inc., Delta Construction, Bison Building Materials of Texas, Inc., Nationwide Gutter, Inc., and Panel Truss of Texas (Longview), Inc. (hereinafter "the subcontractors" and the

applicants in No. 2014-C-0973).

At the time the last Certificate of Occupancy and the Certificate of Substantial Completion issued in July 2003, La. Rev. Stat. 9:2772 provided for a seven-year period of peremption for construction claims. However, on August 15, 2003, the legislature amended La. Rev. Stat. 9:2772 to provide for a peremptive period of five years rather than seven years.[1] On July 11, 2011, shortly before the matter was to be arbitrated, this court handed down *Ebinger v. Venus Construction Corp.*, 10-2516 (La. 7/1/11), 65 So.3d 1279, discussing the retroactivity of the 2003 amendment to La. Rev. Stat. 9:2772.

Relying on language in *Ebinger*, Greystar, the builder, and its subcontractors filed separate motions for summary judgment with the arbitration panel respectively alleging that Crescent's claims, as well as Greystar's third party claims, were perempted because they were not filed within five years of the issuance of the Certificate of Occupancy. Meanwhile, in response to *Ebinger,* Greystar had filed

---

[1] La. Rev. Stat. 9:2772, as amended by Acts 2003, No. 919, § 1, eff. August 15, 2003, is entitled "Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon," and provided in pertinent part:

> A. No action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9):
>
> (1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
>
> (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

an action in the district court seeking to have that court decide the effect of *Ebinger* on the issue of peremption. Crescent objected, arguing the arbitration panel was "the only entity that may rule on the peremption issue because the issue requires a decision on the merits of the claims in arbitration." The district court granted Crescent's exceptions of lack of subject matter jurisdiction, dismissed Greystar's action, and returned the case to the arbitration panel.

The arbitration panel thereafter established a briefing schedule, conducted a hearing on October 7, 2011, and issued its ruling on November 7, 2011. Finding that *Ebinger* dictated the retroactive application of the 2003 amendment to La. Rev. Stat. 9:2772 to Crescent's claims against Greystar, the panel concluded Crescent's claims were untimely asserted outside the five-year period and thus were perempted. The panel also found that Greystar's third party claims were perempted under La. Rev. Stat. 9:2772 as interpreted by *Ebinger*. The panel dismissed all of the claims.

Crescent applied for an order to vacate the arbitration decision in the district court under La. Rev. Stat. 9:4210, naming Greystar, its surety American Manufacturers, and the subcontractors. Greystar and the subcontractors applied for orders confirming the arbitration award under La. Rev. Stat. 9:4209. The actions were consolidated. After briefing and oral argument, the district court denied Crescent's application to vacate the award and granted Greystar's and the subcontractors' applications for an order to confirm the arbitration award. The district court then decreed the November 7, 2011 order of the arbitration panel be made the judgment of the district court.[2]

Crescent sought review in the court of appeal, which reversed the district court's judgment. *Crescent Property Partners, LLC v. American Mfrs. Mutual Ins.*

---

[2] Greystar's surety, American Manufacturers, in 2012 had entered rehabilitation in the Circuit Court of Cook County, Illinois, which court had stayed and enjoined any actions against the surety not brought within the rehabilitation proceeding. The district court granted the surety's motion to recognize foreign judgment and dismiss or stay the claims against it. The district court also denied as moot the subcontractors' exception of no cause of action.

4

*Co.*, 13-0661, 13-0662, 13-0663 (La. App. 4 Cir. 2/28/14), 134 So.3d 85.   The court of appeal acknowledged that La. Rev. Stat. 9:4210 provided the exclusive grounds for challenging an arbitration award, but noted the factors therein were broad in scope and provided sufficient leeway to correct fundamental due process violations. 134 So.3d at 89 (citing *Pittman Construction Co., Inc. v. Charles Pittman*, 96-1498, 96-1079 (La. App. 4 Cir. 3/12/97), 691 So.2d 268). The court of appeal found the arbitration panel had incorrectly concluded the 2003 amendment reducing the time limitation of seven years to five years could be retroactively applied to perempt Crescent's claims.   The court of appeal found *Ebinger*, relied upon by the arbitration panel, not to be controlling.   The appellate court reasoned the panel had violated Crescent's due process rights when it retroactively applied the five-year peremptive period to its cause of action, which had vested before the 2003 amendment became effective.   Thus, the appellate court concluded the trial court had erred in confirming the arbitration panel's award.   The court then reversed the trial court's judgment, vacated the arbitration award, and dismissed the subcontractor's motion to dismiss the appeal as moot.

We granted the writ applications of Greystar and the subcontractors to determine whether the court of appeal properly applied La. Rev. Stat. 9:4210 to upset the arbitration panel's award.   *Crescent Property Partners, LLC v. American Mfrs. Mutual Ins. Co.*, 14-0969, 14-0973 (La. 9/19/14), ___ So.3d ___.

**APPLICABLE LAW**

Under the Louisiana Arbitration Law, La. Rev. Stat. 9:4201 *et seq.*, a party to an arbitration proceeding may, within one year after the award is made, apply to the district court for confirmation of the award, and the court must confirm the award unless the award is vacated, modified, or corrected.   La. Rev. Stat. 9:4209.   The exclusive grounds for vacating an award are set out in La. Rev. Stat. 9:4210, which

5

states:

> In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
>
> A. Where the award was procured by corruption, fraud, or undue means.
>
> B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
>
> C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
>
> D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Arbitration is a mode of resolving differences through the investigation and determination by one or more individuals appointed for that purpose. The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. *Firmin v. Garber*, 353 So.2d 975, 977 (La. 1977). Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties. *National Tea Co. v. Richmond*, 548 So.2d 930, 932-33 (La. 1989). It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the applicable arbitration statutes, here La. Rev. Stats. 9:4210 and 9:4211. *Firmin*, 353 So.2d at 977.[3]

---

[3] The parties discuss to some extent an additional basis for vacating an arbitration award, the "manifest disregard of the law" ground, which has been described as non-statutory and judicially-created. *See, e.g.*, *Webb v. Massiha*, 08-226 (La. App. 5 9/30/08), 993 So.2d 345; *see also Colchoneria Jiron, S.A. v. Blumenthal Print Works, Inc.*, 629 So.2d 1288, 1290 (La. App. 4 Cir. 1993), *writ denied*, 94-0145 (La. 3/11/94), 634 So.2d 391. "Manifest disregard of the law" refers to an error by the arbitration panel that is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator. *Webb*, p. 4 n. 3, 993 So.2d at 347 n. 3. The jurisprudential rule implies the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it. *Id.*

This court has not adopted such a ground, and at least one circuit has declined to do so.

Those grounds do not include errors of law or fact, which we have reiterated are insufficient to invalidate an award fairly and honestly made. *St. Tammany Manor, Inc. v. Spartan Building Corp.*, 509 So.2d 424, 427 (La. 1987). A court does not ordinarily sit in an appellate capacity over an arbitration panel, but instead must confine its determination to whether there exists one or more of the specific grounds for invalidation as provided by the applicable statute, here, La. Rev. Stat. 9:4210. *Woodrow Wilson Const. Co., Inc. v. MMR-Radon Constructors, Inc.*, 96-0618 (La. App. 1 Cir. 12/20/96), 684 So.2d 1125, 1127, *writ denied*, 97-0152 (La. 3/7/97), 689 So.2d 1379. The burden of proof rests upon the party attacking the award. *Hill v. Cloud*, 26,391 (La. App. 2 Cir. 1/25/95), 648 So.2d 1383, 1388, *writ dismissed*, 95-0486 (La. 3/17/95), 651 So.2d 260. As we explained in *National Tea Co.*, 548 So.2d at 933:

> Arbitration is a substitute for litigation. The purpose of arbitration is settlement of differences in a fast, inexpensive manner before a tribunal chosen by the parties. That purpose is thwarted when parties seek judicial review of an arbitration award.

**DISCUSSION**

The arbitration panel and the court of appeal have differently interpreted our decision in *Ebinger*, regarding the retroactive application of the 2003 amendment to La. Rev. Stat. 9:2772. Accordingly, we commence our analysis with a summary of the *Ebinger* case and its reasoning.

---

*See JK Developments, L.L.C. v. Amtek of Louisiana, Inc.*, 07-1825 (La. App. 1 Cir. 3/26/08), 985 So.2d 199. Furthermore, its viability as a separate, common-law basis for upsetting an arbitration award has been called into question by *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). *See Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d. 349 (5th Cir. 2009) (holding that "manifest disregard of the law" after *Hall Street* is no longer an independent ground for vacatur of an arbitration award under the Federal Arbitration Act; however, if the arbitrator is fully aware of the controlling principle of law and does not apply it, instead of merely erroneously applying the principle, his conduct may exceed his powers and thus constitute one of the circumstances under which an award may be vacated, modified, or corrected).

The court of appeal in this case did not cite "manifest disregard of the law" as the basis for vacating the arbitration award, nor did it discuss such a ground, and Crescent argues that, whatever standard is applied, the basic facts and analysis are the same under the applicable statutory grounds. Accordingly, we decline to address the applicability of this non-statutory ground.

7

The peremptive period prescribed by La. Rev. Stat. 9:2772 has been shortened twice, by amendments in 1999 and 2003. Acts 1999, No. 1024, § 1 substituted "seven" for "ten" years in subsection (A)(1)(a), while Acts 2003, No. 919, § 1 substituted "five" for "seven" years in that subsection. In *Ebinger*, the builder sought indemnification from a subcontractor for the construction defect claims asserted by the homeowners. The certificate of occupancy was recorded in 1997, and the homeowners filed suit in October 2003. The builder filed its third-party claim in September 2006, to which the subcontractor excepted on the basis the indemnity claim was perempted under the 2003 amendment to La. Rev. Stat. 9:2772. The court of appeal had found the ten-year period of peremption applied, because the certificate of occupancy was executed when the ten-year period was in effect and because the builder had acquired a vested right against the subcontractor at that time.

The *Ebinger* court reversed, first noting the 2003 amendment, unlike the 1999 amendment, did not provide for prospective application only. Therefore, the court reasoned, it could be applied retroactively so long as it did not disturb vested rights. The court explained:

> The Louisiana Revised Statutes are not applied retroactively "unless it is expressly so stated." La. R.S. 1:2. However, the Louisiana Civil Code makes clear that this rule of statutory construction applies to substantive laws only. In the absence of contrary legislative expression, procedural and interpretive laws apply both prospectively and retroactively. La. C.C. art. 6. "[S]tatutes of limitation [the common-law analog to statutes of peremption or prescription] are remedial in nature and as such are generally accorded retroactive application." *Lott v. Haley*, 370 So.2d 521, 523 (La. 1979). La. R.S. 9:2772 [as amended in 2003] does not expressly state that it may be applied retroactively. However, it is a procedural law, establishing a period after which a plaintiff may no longer assert a claim. Subject to the caveat that it may not operate to disturb a vested right, § 2772 may be applied retroactively.
>
> Despite the trial court and court of appeal's rulings in this case, we do not find it necessary to accord the statute retroactive application. The 2003 amendment became effective August 15, 2003, approximately two months before the Ebingers filed suit against Venus. Therefore, its application in this matter is not necessarily retroactive.

8

Although the applicable peremptive period commenced in 1997, before the amendment took effect and before the suit was filed, this antecedent does not in itself require retroactivity. "[A]pplying a legislative act to conduct antedating the statute's enactment or upsetting a party's expectations based upon prior law does not mean the statute is impermissibly 'operating retroactively.'" *Elevating Boats, Inc. v. St. Bernard Parish*, 00-3518 (La. 9/5/01), 795 So.2d 1153, 1163.

As Marcel Planiol explained, a law is retroactive "when it goes back to the past either to evaluate the conditions of the legality of an act, or to modify or suppress the effects of a right already acquired. Outside of those conditions, there is no retroactivity." *Id.* (quoting 1 Marcel Planiol, Treatise on the Civil Law, § 243 (La. State Law Inst. Trans.1959) (12th ed.1939)). In the instant matter, § 2772 "goes back to the past" not to evaluate the legality of an act but to begin the peremptive stopwatch. Therefore, it is retroactive only if it affects a right already acquired, i.e. vested.

10-2516, pp. 7-8, 65 So.3d at 1285.

The *Ebinger* court went on to find that the builder's indemnification claim was only conditional when the homeowners observed cracks in their slab and their suit was filed, and absent a judgment against the builder, that cause of action had not accrued, and thus the right was not vested, at the time the 2003 amendment came into effect. The *Ebinger* court found the 2003 amendment shortening the peremptive period thus did not disturb a vested right of the builder. Because the peremptive period commenced in 1997 when the certificate of occupancy was recorded, and the five-year period of peremption applied, the *Ebinger* court concluded the builder's indemnity claim filed in 2006 had been peremptied in 2002.

The arbitration panel cited the reasoning in *Ebinger* that La. Rev. Stat. 9:2772, as amended in 2003, a peremptive statute which did not specify a grace period, could be applied retroactively so long as it did not disturb a vested right. The panel acknowledged that up until *Ebinger*, "it had been assumed by some courts that a peremptive statute which shortened the time periods for filing suit could not be applied retroactively unless it provided in the statute itself a specific grace period."

9

The panel then distinguished *Maltby v. Gauthier*, 506 So.2d 1190 (La. 1987), and

*Lott v. Haley*, 370 So.2d 521 (La. 1979), which held the medical malpractice statute

of limitations could not be applied retroactively, on the basis that in those cases,

according to the panel, the statute had immediately extinguished vested causes of

action as of the effective date of the statute. Here, the panel reasoned, when the

amended statute became effective on August 15, 2003, Crescent was not divested of

its cause of action against the builder -- a cause of action that had accrued as early as

October 2002 but no later than July 24, 2003 -- because it still possessed that cause

of action and had almost another five years from the effective date of the legislation

in which to exercise that right. The panel cited the reasoning in *Ramirez v. St. Paul

Fire & Marine Ins. Co.*, 433 So.2d 219 (La. App. 3rd Cir. 1983), and *Saucier v. Drs.

Houston, Roy, Faust & Erwin*, 446 So.2d 877 (La. App. 4th Cir. 1984), for the

proposition that retroactive application of a time limitation did not

unconstitutionally divest a plaintiff of a vested right when, after the legislation came

into effect, there remained a reasonable period of time in which the plaintiff could

have nonetheless brought his action. The panel then quoted language in *Ebinger*

suggesting to the panel, at least, that a statute shortening a period of peremption

could be permissible even absent a specified period of time in which to assert the

cause of action, so long as there was a reasonable period of time in which the

plaintiff could have exercised his right.[4] The panel reasoned:

---

[4] The court of appeal in *Ebinger* held the 2003 amendment did not apply to preempt the builder's
indemnity claim against the subcontractor. The appellate court had noted:

> Furthermore, this case falls outside of the general concept that a law modifying the
> duration of prescription will be inapplicable in cases where prescription has
> accrued, but may be applicable to those which are running. *See Elevating Boats,
> Inc. v. St. Bernard Parish*, 00-3518 (La. 9/5/01), 795 So.2d 1153. This
> jurisprudence is inapplicable in cases in which a statute shortens a prescriptive
> period, as here. *Id.* at 1163, n. 12. Instead, the supreme court has remarked that
> "[p]rinciples of fairness and equity combined with constitutional considerations
> have led us to find that statutes shortening a prescriptive period may be
> impermissible absent a transitional period sufficient to permit a claimant to seek
> judicial enforcement of a claim otherwise adversely affected by the new
> prescriptive period." *Id.*

Therefore, reading all of these cases, along with *Ebinger*, the Supreme Court has clearly said that the Louisiana and United States Constitution[s] preclude the retroactive application of any statute which would cut off a vested cause of action. However, if the statute does nothing but shorten the time limits, it is constitutionally permissible. In light of *Ebinger*'s clear statement that the limitation as set forth [in] *Maltby* and *Lott* did not apply to peremptive statutes, and could be permissible, the *Ebinger* case clearly dictates that in a situation like this, where Crescent had almost five years to sue from the effective date of the amendment of the statute, no rights were divested, and there is no constitutional prohibition against applying the statute retroactively.

The court of appeal ultimately disagreed with the reasoning of the arbitration panel. After acknowledging that an arbitration award can be challenged only on the statutory grounds as set forth in La. Rev. Stat. 9:4210, the court of appeal noted that the reviewing court's function is to determine whether the arbitration proceedings have been fundamentally fair. 134 So.3d at 89 (citing *Southern Tire v. Virtual Point Development*, 00-2301 (La. App. 4 Cir. 9/26/01), 798 So.2d 303). Although it further acknowledged that arbitration awards could not be overturned for errors of fact or law, the court of appeal noted that due process violations may require a

---

*Ebinger v. Venus Const. Corp.*, 10-194, pp. 7-8 (La. App. 3 Cir. 10/6/10), 48 So.3d 375, 380 ("*Ebinger II*").

> This court, in reviewing the lower court's reasoning in *Ebinger II*, had stated:
>
> The Third Circuit also relied on our holding that "statutes shortening a prescriptive period may be impermissible absent a transitional period sufficient to permit a claimant to seek judicial enforcement of a claim otherwise adversely affected by the new prescriptive period." *Ebinger II*, 48 So.3d 375, 380 (quoting *Elevating Boats*, *supra*, 795 So.2d at 1163, n. 12) (emphasis in original). The court of appeal's reliance on this dictum is misplaced for several reasons. First, the statement applies to statutes that shorten prescriptive periods, not peremptive periods. Second, the statement is conditional, indicating that such statutes are not necessarily impermissible. Third, and most important, to conclude [the builder's] claim was adversely affected by the new peremptive period is to mistakenly assume [the builder] could have sought judicial enforcement of that claim. If [the builder's] cause of action for indemnity did not accrue before the 2003 amendment, as we discussed earlier, its claim did not yet exist. A non-existent claim cannot be adversely affected by a change in the law.
>
> *Ebinger*, 10-2516 pp. 11-12, 65 So.3d at 1287. The arbitration panel quoted the underscored language in its ruling.

11

reviewing court to vacate the award. *Id.* (citing *Johnson v. 1425 Dauphine, L.L.C.*, 10 793 (La. App. 4 Cir. 12/1/10), 52 So.3d 962, 968 69, *writ denied*, 11-0001 (La. 2/18/11), 57 So.3d 334; *Hennecke v. Canepa*, 96-772 (La. App. 4 Cir. 5/21/97), 700 So.2d 521, 522, *writ denied*, 97-1686 (La. 10/3/97), 701 So.2d 210). The court of appeal noted: "'An arbitrator should be constantly vigilant of basic due process requirements, the first and foremost of which is the opportunity to present evidence and to be heard.'" *Id.* (quoting *Pittman Construction Co., Inc. v. Pittman*, 96-1079 (La. App. 4 Cir. 3/12/97), 691 So.2d 268, 274, *writ denied*, 97-0960 (La. 5/16/97), 693 So.2d 803). The court of appeal opined the four grounds for vacatur in La. Rev. Stat. 9:4210 are broad in scope and provide sufficient leeway to correct fundamental due process violations. *Id.* (citing *Pittman Construction, supra*).

The court of appeal next turned to the panel's interpretation of *Ebinger* as to the retroactive application of the 2003 amendment to La. Rev. Stat. 9:2772. The court of appeal cited *Maltby* and *Lott* for the proposition that courts must refrain from supplying a reasonable grace period where the legislature has not done so. Those cases, rather than *Ebinger*, controlled, the court of appeal found, because they were in effect at the time Crescent's claims against Greystar accrued, and *Ebinger* concerned only the builder's indemnity claims against a subcontractor, claims which were not vested rights at the time of the 2003 amendment to La. Rev. Stat. 9:2772. To require Crescent to anticipate the application of *Ebinger* to its vested rights, and thus shortening the time limitation to exercise those rights from seven years to five years, the court of appeal reasoned, was fundamentally unfair. Because a reviewing court must insure the fundamental fairness of an arbitration proceeding, the court of appeal vacated the arbitration panel's ruling, finding the arbitration panel, in applying the amendment retroactively, had violated Crescent's due process rights.

We find the court of appeal erred in vacating the arbitration panel's award, as there exist no statutory grounds for doing so. We initially note there is no dispute that Crescent and Greystar had voluntarily consented to submit the peremption issue to the arbitration panel for its consideration. Indeed, Crescent had strenuously and successfully objected to Greystar's attempt to have the district court, rather than the arbitration panel, decide the peremption issue and the effect of *Ebinger* on the retroactivity of the amendment to La. Rev. Stat. 9:2772. Thus, the peremption issue was clearly within the scope of the arbitration panel's authority to decide. *See AT&T Tech., Inc. v. Comm. Workers of America*, 475 U.S. 643, 648-49 (1986) ("[A]rbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration.").

Assuming for the sake of argument the arbitration panel wrongly interpreted and applied *Ebinger*, and we take no position thereon, such an error of law does not permit vacatur of the arbitration panel's award. There has been no showing by Crescent that the award was procured by corruption, fraud, or undue means. La. Rev. Stat. 9:4210(A). Nor has there been any showing of evidence of partiality or corruption on the part of the arbitrators. La. Rev. Stat. 9:4210(B). Crescent has not asserted that the arbitrators are guilty of misconduct in refusing to postpone the hearing or in refusing to hear evidence pertinent and material to the controversy. La. Rev. Stat. 9:4210(C). Indeed, the record clearly establishes the parties were allowed to brief the peremption issue thoroughly and to argue their positions before the panel.

Instead, Crescent asserts, the arbitrators are guilty of misbehavior by which the rights of a party have been prejudiced and the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made. La. Rev. Stat. 9:4210(C) and (D). Crescent

13

contends the panel misrepresented the facts of this court's controlling opinion in *Maltby* in order to manufacture a distinction and evade its holding. According to Crescent, the vested cause of action in the *Maltby* case was not immediately extinguished by the legislation as asserted by the arbitration panel in its written reasons, and thus does not support the panel's reasoning. Further, although the panel accurately related the holding of *Ebinger*, Crescent argues, the panel went on to ignore that holding and to mischaracterize isolated dicta to extract a rule that is not even arguably present in *Ebinger*. According to Crescent, the arbitration panel "selectively and deceptively" quoted language from *Ebinger*, omitting statements that would have exposed its mischaracterization. All of these actions, Crescent contends, go beyond a simple "good faith" error of law, and instead reveal that, to avoid a hearing on the merits of the underlying construction claims, the arbitrators engaged in "misbehavior" and exceeded their legitimate powers by refusing to apply the law agreed to by the parties. In effect, Crescent asserts, the arbitrators impermissibly imposed their own policy choice as to the retroactivity of the legislative amendment. Further, Crescent asserts it was fundamentally unfair of the arbitration panel to apply *Ebinger* so as to overrule clear precedent when to do so would produce substantial inequitable results. Thus, Crescent argues, the court of appeal properly vacated the arbitration award because such wilful misbehavior resulted in the denial of its due process rights.

However, we discern no such wilful misbehavior on the part of the arbitration panel, as alleged by Crescent, nor did the panel's alleged error amount to an imperfect execution of its authority that resulted in a denial of Crescent's due process rights. At most, Crescent has alleged the panel made a plain error of law which resulted in its claims being improperly dismissed on grounds of peremption. The record contains no evidence whatsoever that the arbitrators wilfully misbehaved

14

or that they imperfectly executed their authority.   Instead, the record shows the panel permitted the parties to brief the issue and to argue that issue before it.   There was no denial of due process in that regard.   Thereafter, the panel issued lengthy reasons setting forth the law it relied upon and its interpretation thereof.   It is readily evident from those reasons that the panel assiduously considered all of the applicable law and jurisprudence on the issue of peremption and La. Rev. Stat. 9:2772.   The upshot of both the court of appeal's reasoning and the arguments of Crescent is that the panel just got it wrong on the law.   We reiterate our long line of jurisprudence that an error of fact or law will not invalidate an otherwise fair and honest arbitration award.   *See National Tea, supra.*   Other than allegations, Crescent has failed to establish any proof of dishonesty, bias, bad faith, wilful misconduct, or any conscious attempt of the panel to disregard Louisiana law.   As we explained in *Firmin v. Garber, supra*, arbitrators are not guilty of misconduct merely because a different award could have been rendered. "To hold otherwise would defeat the purpose of arbitration: the speedy resolution of disputes outside the court system."   353 So.2d at 977.

**DECREE**

For the reasons set forth above, we find the court of appeal erred in reversing the district court's judgment confirming the arbitration panel's award.   Crescent has failed to carry its burden of proving the existence of any of the statutory bases set forth in La. Rev. Stat. 9:4210 mandating vacatur of the arbitration panel's decision. Accordingly, the court of appeal's judgment is reversed, and the district court's judgment confirming the arbitration panel's award is reinstated.

**REVERSED**

15

01/28/2015

# SUPREME COURT OF LOUISIANA

## NO. 2014-C-0969

## CONSOLIDATED WITH

## NO. 2014-C-0973

## CRESCENT PROPERTY PARTNERS, LLC

### VERSUS

## AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, BISON BUILDING MATERIALS OF TEXAS, INC., ET AL.

## CONSOLIDATED WITH

## GREYSTAR DEVELOPMENT AND CONSTRUCTION, LP

### VERSUS

## CRESCENT PROPERTY PARTNERS, LLC, BISON BUILDING MATERIALS OF TEXAS, INC., ET AL.

## CONSOLIDATED WITH

## BISON BUILDING MATERIALS OF TEXAS, INC., BISTROL FIBERLITE INDUSTRIES, INC., CHAMPION WINDOW, INC., ET AL.

### VERSUS

## GREYSTAR DEVELOPMENT AND CONSTRUCTION, LP.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FOURTH CIRCUIT, PARISH OF ORLEANS

**JOHNSON**, Chief Justice, concurs and assigns reasons.

I reluctantly concur with the majority opinion. In my view, there is no question that the arbitration panel committed an error of law in concluding that the 2003 amendment to La. R.S. 9:2772, reducing the period of peremption for construction claims from seven years to five years, could be retroactively applied to preempt Crescent's claims. However, as recognized by the majority, such an error of law does not permit vacatur of the arbitration panel's award. This court has

long held that an arbitration award can only be challenged on the specific grounds set forth in the arbitration statutes.[1] And, these specific grounds do not include "good faith" errors of law. Thus, despite the error committed by the arbitration panel, I must agree with the majority's conclusion that the court of appeal erred in reversing the district court's judgment confirming the arbitration panel's award.

---

[1] *See, e.g.*, *Firmin v. Garber*, 353 So. 2d 976 (La. 1977); *National Tea Co. v. Richmond*, 548 So. 2d 930 (La. 1989).