STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 1114

MOBILE ENTERPRISES, INC.

VERSUS

BRIGGS BROTHERS ENTERPRISES CORPORATION

**Judgment Rendered: APR 1 7 2024**

\* \* \* \* \* \*

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C730411

Honorable Richard "Chip" Moore, Presiding

\* \* \* \* \* \*

Gerald A. Melchiode
Kyle M. Sepulveda
New Orleans, LA

Counsel for Plaintiff/Appellant
Mobile Enterprises, Inc.

G. Trippe Hawthorne
Thomas D. Bourgeois, Jr.
Mary M. Love
Baton Rouge, LA

Counsel for Defendant/Appellee
Briggs Brothers Enterprises
Corporation

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**GUIDRY, C.J.**

Plaintiff/appellant, Mobile Enterprises, Inc. (MEI), appeals from a district court judgment denying its motion to confirm arbitration award and granting a motion to vacate arbitration award filed by defendant/appellee, Briggs Brothers Enterprise Corporation, a Texas Corporation (Briggs of Texas). For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 26, 2021, Briggs Brothers Enterprises Corporation, contractor on United States Army Corp of Engineers (USACE) Project "Lilly Bayou Control Structures, Sloped Flume Repair," entered into a subcontract agreement with MEI. The subcontract agreement listed Briggs Brothers Enterprises Corporation's principal place of business as 4749 Sansom Street, Philadelphia, Pennsylvania. The agreement also contained an arbitration provision, providing that "All disputes hereunder shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association."

Thereafter, a dispute arose under the agreement and MEI filed a demand for arbitration with the American Arbitration Association, naming "Briggs Brothers Enterprises Corporation" as respondent. However, while the demand form listed the Pennsylvania address for respondent, the attached demand pleading identified Briggs Brothers Enterprises Corporation as "a Texas corporation with its principal place of business in Philadelphia, PA" and stated that it may be served through its registered agent, Terry Briggs, at a Richmond, Texas address as well as through its counsel of record, Jeffrey Leeper, at his office address in Marietta, Georgia. Notice of arbitration was sent by certified mail to Terry Briggs in Richmond, Texas and was sent to Jeffrey Leeper, in Marietta, Georgia.

The matter proceeded to an arbitration hearing on December 20, 2022, at which respondent was not present. After finding that proof had been shown that

2

demand for arbitration, notice of preliminary hearing, and notice of hearing had been sent to "Briggs [Brothers Enterprises Corporation] at its business address," the arbitrator commenced the hearing and rendered an award in favor of MEI and against "Briggs Brothers Enterprises Corporation" in the amount of $96,811.88, plus interest.

On March 30, 2023, MEI filed a petition to confirm arbitration award in the Nineteenth Judicial District Court, naming Briggs of Texas as a defendant. Briggs of Texas thereafter filed a motion to vacate arbitration award. Briggs of Texas alleged that the arbitration award should be vacated because Briggs of Texas was not a party to the subcontract with MEI and was not a party to the agreement to arbitrate and as such, the arbitrator exceed his powers by rendering an award against an entity not a party to any relevant contract, citing 9 U.S.C. §10(a)(4) and La. R.S. 9:4210(D). Briggs of Texas asserted it was not provided notice of the arbitration hearing, and therefore its due process rights were violated. Briggs of Texas further asserted that the arbitrator exceeded his authority by awarding MEI damages not claimed in the arbitration demand and by improperly awarding MEI attorney's fees, citing 9 U.S.C. §10(a)(4) and La. R.S. 9:4210(D). In support of its motion, Briggs of Texas alleged that it and Briggs Brothers Enterprises Corporation, a Pennsylvania Corporation (Briggs of Pennsylvania), are two distinct legal entities. Briggs of Texas asserted that Briggs of Pennsylvania, and not Briggs of Texas, entered into the subcontract agreement with MEI, and that Terry Briggs is the registered agent for Briggs of Texas, not for Briggs of Pennsylvania. Briggs of Texas further stated that neither it nor Briggs of Pennsylvania received notice of any proceedings beyond the demand for arbitration.

Briggs of Texas also filed an opposition to MEI's petition to confirm arbitration award, re-asserting the same arguments that it raised in its motion to vacate. Following a hearing, the district court signed a judgment on August 28,

3

2023, denying the petition to confirm, granting the motion to vacate, and ordering that the arbitration award be vacated and judgment entered in favor of Briggs Brothers Enterprises Corporation and against MEI. The district court dismissed MEI's claims made in its petition to confirm with prejudice, fully reserving all rights of MEI against Briggs Brothers Enterprises Corporation in arbitration. MEI now appeals from the district court's judgment.

## DISCUSSION

### Arbitration Law and Standard of Review

The purpose of arbitration is to allow parties to achieve speedy settlement of their differences out of court. Revelry Food Group, LLC v. Nguyen Property Investment, 21-0881, p. 4 (La. App. 1st Cir. 2/25/22), 340 So. 3d 1151, 1155. Arbitration is favored under both Louisiana and federal jurisprudence. Revelry Food Group, LLC, 21-0881 at p. 4, 340 So. 3d at 1155. Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties. Crescent Property Partners, LLC v. American Manufacturers Mutual Insurance Company, 14-0969, 14-0973, p. 6 (La. 1/28/15), 158 So. 3d 798, 803.

The Federal Arbitration Act (FAA) is located at 9 U.S.C. §§ 1-16. Louisiana's binding arbitration law (LBAL), La. R.S. 9:4201, et seq., echoes the FAA, and as such, Louisiana courts look to federal law in interpreting the Louisiana arbitration statutes. Revelry Food Group, LLC, 21-0881 at p. 5, 340 So. 3d at 1155. Under the FAA and LBAL, a party to an arbitration proceeding may, within one year after the award is made, apply to the district court for confirmation of the award, and the court must confirm the award unless the award is vacated, modified, or corrected. 9 U.S.C. § 9; La. R.S. 9:4209. The exclusive grounds for vacating an award are identical under the FAA and the LBAL. See 9 U.S.C. §10; La. R.S. 9:4210. The

4

four exclusive grounds for vacating an award under the LBAL are:

A. Where the award was procured by corruption, fraud, or undue means.

B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.

C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.

D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

La. R.S. 9:4210; see also 9 U.S.C. §10.

It is well settled that an arbitration award may be challenged only on the grounds specified in the applicable arbitration statute. Crescent Property Partners, LLC, 14-0969 at p. 6, 158 So. 3d at 803. Those grounds do not include errors of law or fact, which are insufficient to invalidate an award fairly and honestly made. Pennington v. Cuna Brokerage Securities, Inc., 08-0589, p. 6 (La. App. 1st Cir. 10/1/08), 5 So. 3d 172, 176, writ denied, 08-2600 (La. 1/9/09), 998 So. 2d 723; see also Crescent Property Partners, LLC, 14-0969 at p. 7, 158 So. 3d at 804. A court is not entitled to substitute its judgment for that of the arbitrator chosen by the parties; rather, a court's determination is limited to whether the party challenging the award has proven one or more of the specific statutory grounds for invalidation. See DeArmond v. E. Jacob Construction, Inc., 21-0981, p. 4 (La. App. 1st Cir. 4/8/22), 342 So. 3d 77, 80. An appellate court conducts a *de novo* review of a district court's judgment confirming or vacating an arbitration award. DeArmond, 21-0981 at p. 4, 342 So. 3d at 80; see also Revelry Food Group, LLC, 21-0881 at p. 5, 340 So. 3d at 1156.

5

## Exceeding Powers by Arbitrator

Briggs of Texas alleged in its motion to vacate that the arbitration award should be vacated because Briggs of Texas was not a party to the subcontract with MEI and was not a party to the agreement to arbitrate. As such, Briggs of Texas alleged that the arbitrator exceeded his powers by rendering an award against an entity not a party to any relevant contract, citing 9 U.S.C. §10(a)(4) and La. R.S. 9:4210(D). In support of its motion to vacate, Briggs of Texas submitted the affidavit of Terry Briggs with attachments, including the prime contract between Briggs of Pennsylvania and USACE and the subcontract agreement between MEI and Briggs of Pennsylvania, as well as information from the Pennsylvania Secretary of State and the Texas Secretary of State regarding Briggs Brothers Enterprises Corporation.

A review of the evidence submitted by Briggs of Texas shows that "Briggs Brothers Enterprises Corporation" is incorporated in both Pennsylvania and Texas as a domestic corporation. Terry Briggs, the President and owner of both corporations, stated in his affidavit that there are several entities with the name "Briggs Brothers Enterprises Corporation," including Briggs of Pennsylvania and Briggs of Texas, and that each of these entities is incorporated in a different state and is a distinct, separate entity. Terry Briggs further stated that he signed the prime contract and the subcontract agreement on behalf of Briggs of Pennsylvania and that Briggs of Texas was not a party to any contract related to the USACE project. Both the prime contract and the subcontract agreement identify Briggs Brothers Enterprises Corporation as a contracting party and list its address as 4749 Sansom Street, Philadelphia, Pennsylvania. The address for Briggs of Pennsylvania listed with the Pennsylvania Secretary of State is the same address listed on the prime contract with USACE and the subcontract with MEI.

However, the demand for arbitration, while listing Briggs Brothers Enterprises Corporation as respondent at the Pennsylvania address, further identified Briggs Brothers Enterprises Corporation as a Texas corporation and requested service on Terry Briggs, at a Richmond, Texas address, as the registered agent for Briggs of Texas. Furthermore, the petition to confirm arbitration award named Briggs of Texas as a defendant and was served on Briggs of Texas at its business address in Houston, Texas.

The authority of an arbitrator to resolve disputes is derived from the parties' advance agreement to submit such grievances to arbitration. Preis Gordon, APLC v. Chandler, 15-0958, p. 7 (La. App. 1st Cir. 2/26/16), 191 So. 3d 31, 36, writ denied, 16-0590 (La. 5/20/16), 191 So. 3d 1067. Furthermore, challenges brought to the very existence of the contract containing the arbitration clause must be decided by the court, not the arbitrator. See FIA Card Services, N.A. v. Weaver, 10-1372, pp. 7 and 17 (La. 3/15/11), 62 So. 3d 709, 714 and 720 (noting that in confirming an arbitration award under the FAA[1], a party is required to file a copy of the agreement to arbitrate, which affirms the court's duty to rule on the issue of the contract's validity). Therefore, from our review of the record, we find that Briggs of Pennsylvania and Briggs of Texas are two separate legal entities, and the arbitration award was sought and rendered against Briggs of Texas. Briggs of Texas, however, was not a party to the subcontract agreement containing the arbitration clause and did not otherwise consent to participate in the arbitration proceeding. Without evidence of a contract between Briggs of Texas and MEI, the arbitrator exceeded his power in rendering an award against Briggs of Texas.

Therefore, on our *de novo* review of the district court's judgment, we find no error in the judgment vacating the arbitration award rendered in favor of MEI and

---

[1] The LBAL contains an identical provision providing that "[a]ny party to a proceeding for an order confirming, modifying, or correcting an award shall ... also file ... [t]he agreement." La. R.S. 9:4214.

7

against Briggs of Texas.[2]

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court. All costs of this proceeding are assessed to Mobile Enterprises, Inc.

**AFFIRMED.**

---

[2] Having found no error in the district court's judgment vacating the arbitration award, we pretermit discussion of MEI's assignment of error relating to the district court's denial of its petition to confirm arbitration award.