**ROCKET JEWELRY BOX, INC.,**
Plaintiff–Appellee,

v.

**NOBLE GIFT PACKAGING, INC.,**
Defendant–Appellant,

**Ralph Herzog, Defendant.**

Docket No. 97–9573

United States Court of Appeals,
Second Circuit.

Argued Oct. 1, 1998.

Decided Oct. 9, 1998.

Lewis H. Eslinger, Garden City, NY, for Plaintiff–Appellee.

Michael D. Lesh, New York City, for Defendant–Appellant.

Before CARDAMONE, CALABRESI, and STRAUB, Circuit Judges.

PER CURIAM:

Noble Gift Packaging, Inc., ("Noble") appeals from a decision of the United States District Court for the Southern District of New York (Michael B. Mukasey, *J.*) confirming an arbitration award in favor of Rocket Jewelry Box, Inc. ("Rocket.") Noble argues that the award should be set aside for lack of finality under 9 U.S.C. § 10(a)(4). We affirm

the confirmation of the arbitration award, but we vacate the district court's conclusions concerning the validity or effect of Rocket's design patent.

## BACKGROUND

The facts underlying this litigation are set out in the opinion below. *See Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 986 F.Supp. 231 (S.D.N.Y.1997). We repeat only so much as is necessary for the disposition of this appeal.

On March 24, 1995, Rocket and Noble entered into a licensing agreement by which Rocket granted Noble a non-exclusive right to sell Rocket's patented jewelry boxes. In return, Noble was to make various payments to Rocket. It was also to furnish Rocket with quarterly royalty reports and permit Rocket to audit Noble's books. If Noble failed to submit its royalty reports on time, and failed to correct its error within thirty days of being informed that the reports were late, Rocket could terminate the agreement. Disputes arising under the agreement were to be submitted to arbitration.

Noble failed to submit its quarterly royalty report for the first quarter of 1995 in the time allotted, and on September 15, 1995, Rocket terminated the agreement on those grounds. Rocket demanded arbitration, seeking recovery of royalties due it during the time that the license agreement had been in effect. In a stipulation dated December 22, 1996, the parties identified six issues to be arbitrated. These issues were (1) whether there had been a license agreement between Rocket and Noble; (2) what the parties' rights and obligations under that agreement had been; (3) whether Noble had committed a breach entitling Rocket to the relief it requested; (4) whether Rocket had waived its right to recover for Noble's breach; (5) whether Rocket had itself breached the agreement; and (6) whether Rocket's termination of the agreement was wrongful. The parties explicitly excluded a seventh issue from arbitration, agreeing that "the validity of Rocket's design patent and the effect of the invalidity of such patent on the parties' rights and obligations under the License Agreement are expressly preserved."

The arbitration panel issued an award for Rocket. Rocket then petitioned the district court to confirm that award, and Noble cross-petitioned to have the award vacated. Noble raised three issues before the district court. First, Noble contended that the award was not "final." Under 9 U.S.C. § 10(a)(4), lack of finality can support a decision to vacate an arbitration award.[1] Second, Noble alleged that the arbitration panel exceeded its authority by ordering Noble alone to bear the costs of the arbitration. Third, Noble argued that the panel disregarded applicable law by not requiring a particular witness to testify at the hearing. The district court rejected all three arguments and granted Rocket's petition for confirmation.

On appeal, Noble presents arguments challenging the district court's decision as to the finality of the award and does not press the other two issues.

## DISCUSSION

### 1. Standard of Review

"The showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate the award has the burden of proof." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citations omitted). Unless the party opposing confirmation can show a statutory basis for vacating, modifying, or correcting the award, the award must be confirmed. *See* 9 U.S.C. § 9[2]; *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 707 (2d Cir.

---

1. 9 U.S.C. § 10 reads, in relevant part:

   "(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

   .    .    .    .    .

   (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

2. 9 U.S.C. § 9 reads, in relevant part, "[A]ny party to the arbitration may apply to the court [with jurisdiction] for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

1985). When reviewing a district court's decision that an award is sufficiently final to be confirmed, we examine the decision for clear error only. *See ConnTech Dev. Co. v. University of Conn.*, 102 F.3d 677, 686 (2d Cir. 1996).

2. Merits

■ In considering whether the arbitrators' award was final, the district court noted two possible standards by which finality might be judged in this circuit. The first formula states that "an arbitral determination is not final unless it conclusively decides every point required by and included in the submission of the parties." *Trade & Transp., Inc., v. Natural Petroleum Charterers Inc.* 931 F.2d 191, 195 (2d Cir.1991). The second articulation deems an award final "if it resolve[s] all issues submitted to arbitration, and determine[s] each issue fully so that no further litigation is necessary to finalize the obligations of the parties." *ConnTech*, 102 F.3d at 686 (alterations in original; internal quotation marks omitted).

The district court read these authorities as presenting two different and potentially conflicting standards. It believed that the *ConnTech* standard was the more favorable to Noble's claims. After all, Noble's argument in the district court and again on appeal is that further litigation will be necessary to reach a final resolution of the dispute between the parties. That litigation would concern the validity of Rocket's design patent. Since Noble hopes to found a defense on a theory of patent invalidity, and since the issue of patent invalidity was expressly not resolved in arbitration, Noble argues that further litigation is necessary. Therefore, Noble claims, the award cannot be deemed final.

■ The district court avoided choosing between the allegedly different standards by ruling that the award was final even on the *ConnTech* standard. To reach that result, the district court examined the merits of Noble's hypothesized patent invalidity defense and determined that such a defense would fail. On appeal, Noble argues that the district court acted improperly in considering the merits of that defense, which, Noble argues, was not properly before the court. We believe that the district court need not have considered matters relating to the validity of Rocket's design patent, and we vacate so much of the district court's opinion as dealt with patent validity.

■ We affirm the district court's confirmation of the award on another ground. We begin by noting that what the district court took to be two different standards for the finality of arbitration are best viewed as two articulations of a single principle. The court in *ConnTech* affirmed the arbitration award before it, *see* 102 F.3d. at 687, and never intimated that any arbitration award that would have been final under *Trade & Transport* would be non-final under a superseding *ConnTech* standard. Moreover, the language of the two cases should be read simply as two ways of saying the same thing: that an arbitration award, to be final, must resolve all the issues submitted to arbitration, and that it must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication. Because every panel of this court is bound by the decisions of earlier panels, *see Ingram v. Kumar*, 585 F.2d 566, 568 (2d Cir.1978), this latter reading of *ConnTech* must govern precisely because it is consistent with *Trade & Transport*.

That reading is also the best understanding of the standard as a matter of logic. If arbitration awards had to determine all obligations between the relevant parties, whether those obligations stemmed from the issues submitted or not, then parties with ongoing relationships might never be able to use arbitration. No matter what an arbitration award resolved, it could hardly delineate every single right and duty that each party had with respect to all others.

Nor is it open to Noble to argue that there is a middle ground, according to which the arbitration award, to be final, must resolve not *all* issues between the parties but all issues relating to the relevant transaction and occurrence. This court has held that an award is final when it resolves the issues presented for arbitration and does not determine other issues beyond its delegated scope of authority, even when those other issues are relevant to the same transaction giving rise to the issues that the arbitration did

address. *See United States v. American Society of Composers, Authors & Publishers (In re Karmen),* 32 F.3d 727, 732–33 (2d Cir.1994) (holding that an arbitration decision that invalidated a rate increase but declined to set a new rate was final, when the arbitration panel's authority did not extend to setting new rates).

■ Accordingly, we conclude that *Conn-Tech* is not helpful to Noble's cause. We hold that the principle that an arbitration award is final if it "resolve[s] all issues submitted to arbitration, and determine[s] each issue fully so that no further litigation is necessary to finalize the obligations of the parties," *ConnTech,* 102 F.3d at 686 (alterations in original), does not require that the arbitration award resolve *every* outstanding issue that might arise in later litigation between the parties. It requires resolution only of "all issues *submitted to arbitration*" (emphasis added). The second clause, which requires that "each issue" be resolved in a way that obviates further litigation, refers to the same issues as the antecedent clause, *i.e.,* those submitted to arbitration.

Rocket and Noble expressly excluded the issue of patent invalidity from the arbitration. That issue was therefore not an issue submitted to arbitration, and indeed the arbitration panel would have exceeded the scope of its authority by deciding it. The award resolved those issues over which the panel was given authority, and that is the finality that the law requires.

The district court's conclusions dealing with the patent invalidity issue are vacated. The district court's decision to confirm the arbitration award is affirmed.