**Bartholomew A. DECICCO, Richard F. Fletcher, Robert J. Figliozzi, Gabriel M. Bernaschina, and Vincent R. Dorhan, Plaintiffs,**

v.

**Elizabeth and Francis COLOMBO, Defendants.**

**No. 02 CV.1539(VM).**

United States District Court, S.D. New York.

Nov. 27, 2002.

---

Dan A. Druz, Manasquan, NJ, for Bartholomew A. Decicco, Richard F. Fletcher, Robert J. Figliozzi, Gabriel M. Bernaschina, Vincent R. Drohan, petitioners.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiffs Bartholomew A. Decicco, Richard F. Fletcher, Robert J. Figliozzi, Gabriel M. Bernaschina, and Vincent R. Dorhan (collectively, "Plaintiffs") filed an Application and Notice to Vacate Arbitration Award (the "Notice") requesting that an award made by a panel of arbitrators to Elizabeth and Francis Colombo ("Defendants") be vacated because such award was in manifest disregard of federal law. Defendants opposed this Notice. For the reasons set forth below, the motion is DENIED.

## I. FACTS

Plaintiffs were licensed individuals associated with a now defunct broker-dealer, The Stamford Company ("Stamford"). Defendants had originally opened an account with another brokerage house in 1985. Due to the representations and actions of Paul Garafalo ("Garafalo"), a Stamford broker who became Defendants' investment advisor, Defendants had their account transferred to Stamford, where it remained until 1993. At that time Defendants discovered, as they alleged in their arbitration claim, that Garaflo was fraudulently handling their money by entering into unauthorized trades that were inconsistent with Defendants' investment objectives. Defendants further alleged that Plaintiffs fraudulently induced Defendants to trade their account; breached Plaintiffs' fiduciary duty; breached their contractual obligations and professional duties; engaged in excessive, unauthorized and discretionary trades; committed common law fraud; violated Federal and State Securities laws; misrepresented and omitted material facts; failed to supervise Garafalo; were liable as control persons; committed mail fraud, wire fraud and violated RICO laws; and violated the Rules and Regulations of the NASD, Inc., the New York Stock Exchange, and the Chicago Board Options Exchange.

Defendants filed their claim before an arbitration panel run by NASD Dispute Resolution, Inc. (the "Panel") on September 29, 1999. Over the next two years, the Panel read motion papers, held hearings and heard arguments from both parties on the matter. However, Garafalo died prior to the start of the hearings, and consequently did not participate and was not a respondent. On November 28, 2001, the Panel issued a decision finding Plaintiffs liable and awarding Defendants compensatory damages totaling approximately $75,000 plus filing fees and administrative costs. Plaintiffs then filed the Notice now before this Court.

## II. DISCUSSION

### A. STANDARD OF REVIEW

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 6, a party seeking to vacate an arbitration award must proceed by motion to the court. *See Johnson v. American Arbitration Ass'n*, No. 98 CIV 6314, 1999 WL 223154, at *2 (S.D.N.Y. April 16, 1999). Under the FAA's motion procedure, the Court may consider an arbitration action by summary proceeding on the basis of the fully briefed motion papers and without the requirement of a hearing. *See Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 175 (2d Cir.1998). Consistent with the general federal policy favoring arbitration as embodied in the FAA, absent a compelling reason or some manifest disregard of law, the court must confirm an arbitration award. *See* 9 U.S.C. § 9; *Pompano–Windy City Partners Ltd. v. Bear Stearns & Co., Inc.*, 794 F.Supp. 1265, 1272 (S.D.N.Y.1992). The party moving to set aside the award has the burden of proof. *See Rocket Jewelry*, 157 F.3d at 175.

### B. MANIFEST DISREGARD OF LAW

In the instant case, Plaintiffs allege that the Panel's decision was rendered in manifest disregard of the law because: (1) the Panel's finding of control person liability was made without a finding against the controlled person; (2) the Panel ignored the requirement for proof of control person liability set by *Rochez Bros. Inc. v. Rhoades*, 527 F.2d 880, 884–85 (3d Cir. 1975); (3) the Defendants' claims were barred by the statute of limitations for such claims under the Securities Exchange Act of 1934 (the "Exchange Act"); and (4) the Defendants' claim of breach of fiduciary duty was time-barred by New York law's three-year statute of limitations:

In *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir.1998), the Second Circuit defined "manifest disregard of law" to require:

> both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit and clearly applicable to the case.

*see also W.K. Webster & Co. v. American President Lines, Ltd.*, 32 F.3d 665, 669 (2d Cir.1994) ("A court must not disturb an award simply because of an arguable difference of opinion regarding the meaning or applicability of the law"); *Duferco S.A. v. Ocean Wide Shipping Corp.*, 210 F.Supp.2d 256, 262 (S.D.N.Y. 2001) ("The 'manifest disregard' standard is a high hurdle for the party seeking to vacate an arbitration award, requiring something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law.") (internal quotations and citations omitted).

Plaintiffs have failed to make a case that meets this high standard. First, Plaintiffs claim that the Panel failed to find the stockbroker who committed the fraudulent acts liable, which Plaintiffs allege is

necessary before they can be considered controlling persons in the fraud. Moreover, Plaintiffs claim that the Panel ignored the requirement for proof of control person liability set by *Rochez Bros.* While the record of what the Panel heard is not before this Court, it self-evident to the Court that if the Panel, which was composed of three experienced arbitrators, found the Plaintiffs liable as controlling persons who had failed to supervise one of their employees while he was committing fraudulent acts, then the Panel also implicitly found that the stockbroker would have been liable. Such a finding was possibly unnecessary because Garafalo had died, and therefore not subject to any proceedings. Moreover, the Plaintiffs offer nothing to the Court to demonstrate how the evidence the Panel did hear was insufficient to meet the *Rochez Bros.* standard. Instead, the Court was only presented with an account by the Defendants of the evidence that the Panel heard. The content of the Defendants' presentation indicates to the Court that the Panel based its decision on a sufficient amount of evidence, and consequently, the Plaintiffs fail to prove that the Panel's decision demonstrated a manifest disregard of law.

Second, Plaintiffs argue that all of Defendants' claims were time-barred because of the six-year statute of limitations applicable to such claims under the Exchange Act, and, furthermore, that Defendants' claim of breach of fiduciary duty was time-barred by New York law's three-year statute of limitations. While Plaintiffs claim that Defendants did not file a claim until September 29, 1999 (which would have been slightly outside of the Exchange Act statute of limitations and far after the New York statute of limitations had expired), Defendants claim they filed their original claim against the stockbroker on December 8, 1994, and amended their claim to include Plaintiffs on September 27, 1996.

Defendants further allege that they were granted permission to include Plaintiffs, but then the decision was reversed and eventually granted again upon Defendants' filing on September 29, 1999.

Regardless of whether or not these circumstances mean that the claim technically fell within or outside of the statute of limitations under the Exchange Act or New York law, the decision by the Panel to consider the claims as having been filed within the statute of limitations does not indicate any manifest disregard of law, nor do the Plaintiffs offer any kind of legal argument that would explain why the Panel should have disregarded the Defendants' initial filings that did fall within the statute of limitations. Indeed, the Plaintiffs do not even address the existence of these earlier filings. Consequently, this Court is not persuaded that the Panel ignored or refused to apply a clearly applicable law. The Panel heard Plaintiffs' motion to dismiss the claim on the basis of the statute of limitations, and denied such claim, which indicates to this Court that the claim was fully and fairly considered. As a result, the Court shall not disturb this decision by the Panel.

### III. ORDER

For the reasons set forth above, it is hereby **ORDERED** that Plaintiffs' motion to vacate Defendants' arbitration award is DENIED.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**