14-1870-cv
*Pasha v. Jansheshki et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand and fifteen.

Present:      Guido Calabresi,
              Peter W. Hall,
              Debra Ann Livingston,
                      *Circuit Judges*.

─────────────────────────────────────────────

N. Dean Pasha,

                      *Petitioner-Appellant*,

        v.                                         No. 14-1870-cv

John M. Janseshki, Starboard International, L.L.C.,

                      *Respondents-Appellees*.

─────────────────────────────────────────────

FOR PETITIONER-APPELLANT:          JEFFERY J. DAAR, Daar & Newman
                                   Woodland Hills, CA.

FOR RESPONDENTS-APPELLEES:          PHILIP J. LAYFIELD, Layfield &
                                   Wallace, Irvine, CA.

                                   DONALD DINAN, Roetzel & Andress,
                                   LPA, Washington, DC.

─────────────────────────────────────────────

1

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

ON CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court is AFFIRMED. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Petitioner-Appellant Dr. N. Dean Pasha seeks reversal of the district court's denial of his petition to partially vacate or remand those portions of an arbitration award denying his counterclaims.

"In reviewing a district court's decision refusing to vacate or confirming an arbitration award, we examine legal conclusions *de novo* and findings of fact for clear error." *Bermuda Container Line Ltd. v. Int'l Longshoremen's Ass'n, AFL-CIO*, 192 F.3d 250, 255 (2d Cir. 1999). A district court may vacate an arbitration award under the Federal Arbitration Act

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "[T]he court may [also] set aside an arbitration award if it was rendered in 'manifest disregard of the law.'" *Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 451 (2d Cir. 2011).

We agree with the district court's well-reasoned opinion and conclude that none of these grounds support vacatur of the challenged portions of the arbitration award. The arbitration award was a final award for purposes of 9 U.S.C. § 10(a)(4) even though it did not resolve the issue of whether Pasha would be entitled to 24.5% of the stock of a new joint venture company,

2

should one be formed in the future, as that issue was not before it. *See Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 177 (2d Cir. 1998) (per curiam) ("[T]he principle that an arbitration award is final if it 'resolve[s] all issues submitted to arbitration, and determine[s] each issue fully so that no further litigation is necessary to finalize the obligations of the parties' does not require that the arbitration award resolve *every* outstanding issue that might arise in later litigation between the parties." (citation omitted) (quoting *ConnTech Dev. Co. v. Univ. of Conn.*, 102 F.3d 677, 686 (2d Cir. 1996)). Pasha has failed to demonstrate any other legitimate basis for vacating the award. He identifies no evidence that he was prohibited from introducing during the arbitration. *See* 9 U.S.C. § 10(a)(3). Pasha's disagreement with the arbitrator's legal and factual conclusions does not render those determinations beyond the scope of the arbitrator's powers or demonstrate that they were made in manifest disregard of the law.

We have carefully considered Pasha's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3