# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-928**

**CARL C. BROWN, JR., ET AL.**

**VERSUS**

**KABCO BUILDERS, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253,243
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

**REVERSED AND RENDERED.**

**Fred A. Pharis**
**Pharis Law Offices**
**831 DeSoto Street**
**Alexandria, LA 71301**
**(318) 445-8266**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Helen M. Brown**
    **Jacqueline B. Hall**
    **Estate of Carl B. Brown, Jr.**

**Lamont P. Domingue**
**Voorhies & Labbé**
**P. O. Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Kabco Builders, Inc.**

**Grant Herrin**
**Sidney W. Degan, III**
**R. Edward Blanchard**
**Brian W. Harrell**
**Degan, Blanchard & Nash, APLC**

**5555 Hilton Avenue, Suite 620**
**Baton Rouge, LA 70808**
**(225) 610-1110**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Bolton Mfd. Homes, Inc.**

**PICKETT, Judge.**

Mobile home purchasers appeal the trial court's judgment vacating an arbitration award in their favor and granting the mobile home seller's and manufacturer's exceptions of peremption with regard to their one-year and two-year warranty claims. As discussed below, we reverse the trial court's judgment and confirm the award in favor of the purchasers.

## FACTS

In April 2013, Carl Brown, Helen Brown, and Jackie Hall[1] purchased a mobile home from Bolton Mfd. Homes, Inc. The mobile home was manufactured by Kabco Builders, Inc. and delivered and installed by Leesville Mobile Home Movers LLC. Pursuant to Louisiana law and the Browns' sale documents, their purchase of the mobile home is governed by the New Manufactured and Modular Home Warranty Act (NMMHWA), La.R.S. 51:912.1-912.10. After the mobile home was delivered and installed, the Browns noticed numerous deficiencies with the construction of the home, including plumbing, flooring, roofing, and the joinder of the two sections of the home at the marriage line. The Browns attempted to address these deficiencies by presenting their complaints to the Louisiana Manufactured and Modular Housing Commission, as required by the NMMHWA. La.R.S. 51:912.5.[2] Some, but not all, of the issues were resolved.

---

[1] Ms. Hall is the Browns' daughter. Mr. Brown died after suit was filed, and Ms. Hall was authorized to litigate his claims.

[2] Louisiana Revised Statutes 51:912.5(A) states:

> Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the commission written notice by filling out the consumer complaint form provided by the commission and submitting it by registered or certified mail within one year after knowledge of the defect, advising the commission of all defects. The commission shall then have the home inspected and a determination made on all defects listed by the owner. Thereafter, the commission shall give the appropriate builder a reasonable opportunity to

On June 26, 2015, the Browns filed suit against Bolton, Kabco, and Leesville. Bolton filed an answer generally denying the Browns' allegations and pleading affirmative defenses, including the fault of the plaintiffs and/or others and failure to state a cause of action under the NMMHWA. Kabco filed an exception of prematurity, asserting that the Browns had signed an arbitration agreement when they purchased their mobile home that required them to present their claims to an arbitrator, not a court. Leesville never responded to the suit.

The Browns denied having agreed to arbitrate their claims against Kabco, and Kabco's exception of prematurity was initially denied. Thereafter, the Browns were provided documentation evidencing their agreement to arbitrate their claims, and, in accordance with the agreement, the parties unsuccessfully attempted to mediate the Browns' complaints. The Browns then initiated arbitration by filing a Demand for Arbitration in which they named Bolton, Kabco, and Leesville as defendants. The arbitrator conducted a hearing over the course of two days in February and March 2018. On April 27, 2018, the arbitrator issued an award in favor of the Browns in which he denied Bolton's and Kabco's claims that the Browns' claims governed by one-year and two-year warranties were perempted and awarded the Browns actual and general damages, fees and expenses associated with the arbitration that they had previously paid, attorney fees, and legal interest to run from the date of the award. The arbitrator also assessed administrative fees and expenses and compensation and expenses of the arbitrator against the defendants.

---

comply with the provisions of this Part. Once the repairs are made, the commission shall have the home reinspected to determine if the repairs have been made in compliance with the building standards.

The Browns filed a rule to show cause to confirm the arbitrator's award in the trial court. Bolton and Kabco each filed a motion to vacate the arbitrator's award, a peremptory exception of peremption, and a motion to consolidate the hearings on the motions to vacate the arbitrator's award. After conducting a hearing on the parties' filings, the trial court denied the Browns' rule to show cause to confirm the arbitrator's award and granted Bolton's and Kabco's motions to vacate the arbitrator's award. The trial court also granted Bolton's and Kabco's exceptions of peremption with regard to the Browns' one-year and two-year warranty claims provided in La.R.S. 51:912.4(A)(1)-(2) and dismissed those claims with prejudice. The trial court denied Bolton's and Kabco's exceptions of peremption in all other respects. On August 13, 2018, the trial court signed a judgment in conformity with these rulings. On August 16, 2018, the Browns filed a motion for devolutive appeal.

## ASSIGNMENTS OF ERROR

The Browns assign the following errors with the trial court's judgment:

1. The trial court erred in denying plaintiffs' motion to confirm the award[.]

2. The trial court erred in vacating the arbitrator's award.

3. The trial court erred in acting as an appeal court, in effect, for the arbitration[] and substituting its own [judgment] on issues already consider[ed] and ruled on by the arbitrator.

4. The trial court erred in not signing a judgment in accordance with the arbitrator's award, modifying or correcting the award, or remanding the case to the arbitrator for a clarification.

5. The trial court erred in failing to award additional attorney[] fees for work done after the arbitration by undersigned counsel.

3

## DISCUSSION

### *Partial Final Judgment*

Bolton and Kabco urge that the Browns' appeal should be dismissed because the trial court's judgment granting in part and denying in part their exceptions of peremption is a partial final judgment that can only be appealed if the judgment has been designated a final judgment as provided in La.Code Civ.P. art. 1915(B). La.Code Civ.P. art. 1911(B). Pursuant to La.Code Civ.P. art. 1915(B)(1), a judgment that "sustains an exception in part, as to one or more but less than all of" a party's claims or demands "shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay."

The trial court's judgment does not include this required determination and designation, and Bolton and Kabco contend that the trial court's judgment does not "constitute a final judgment for the purpose of an immediate appeal[.]" La.Code Civ.P. art. 1915(B)(2). Therefore, they urge that this court does not have jurisdiction to consider the Browns' appeal and that it must be dismissed.

The Browns urge, however, that because they filed their notice of appeal within thirty days of the notice of judgment, this court has the discretionary authority to convert their appeal to an application for supervisory writs. *See Cazelot v. Cazelot*, 18-44 (La.App. 3 Cir. 6/27/18), 2018 WL 3159832 (unreported writ decision).

The judgment in this case was signed on August 13, 2018, and mailed to counsel on August 14. The Browns filed a motion for devolutive appeal on August 16, and the trial court signed the order granting the appeal on August 22. Notice of the appeal was issued August 22, well within thirty days of the notice of judgment

4

being issued. This case has already been fully briefed and orally argued by the parties, and we find the motion and order for appeal in this matter to be a timely request for the setting of a return date for the filing of a writ application. Therefore, we grant the supervisory writ, as requested, and render an opinion.

*Arbitration*

*Crescent Property Partners, LLC v. American Manufacturers Mutual Insurance Co.*, 14-969, 14-973, pp. 6-7 (La. 1/28/15), 158 So.3d 798, 803-04 (citations omitted), outlined the purpose of arbitration and the legal concepts applicable thereto, explaining:

> Arbitration is a mode of resolving differences through the investigation and determination by one or more individuals appointed for that purpose. The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties. It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the applicable arbitration statutes, here La.Rev.Stats. 9:4210 and 9:4211. Those grounds do not include errors of law or fact, which we have reiterated are insufficient to invalidate an award fairly and honestly made. A court does not ordinarily sit in an appellate capacity over an arbitration panel, but instead must confine its determination to whether there exists one or more of the specific grounds for invalidation as provided by the applicable statute, here, La.Rev.Stat. 9:4210. The burden of proof rests upon the party attacking the award. As we explained in *National Tea Co.*[ *v. Richmond*, 548 So.2d 930, 932-33 (La.1989)]:
>
>> Arbitration is a substitute for litigation. The purpose of arbitration is settlement of differences in a fast, inexpensive manner before a tribunal chosen by the parties. That purpose is thwarted when parties seek judicial review of an arbitration award.

The fourth circuit has also held that "[b]y consensually substituting arbitration for litigation, the parties are presumed to accept the risk of procedural and substantive mistakes of either fact or law by the arbitrators, which mistakes are not reviewable

5

by the courts." *Goodrich Petroleum Co., LLC v. MRC Energy Co.*, 13-1435, p. 3 (La.App. 4 Cir. 4/16/14), 137 So.3d 200, 202-03, *writ denied*, 14-1199 (La. 9/19/14), 149 So.3d 249. Additionally, "any doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration." *J. Caldarera & Co. v. La. Stadium & Exposition Dist.*, 98-294, p. 4 (La.App. 5 Cir. 12/16/98), 725 So.2d 549, 551.

There are four grounds for having an arbitration award vacated: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption on the part of the arbitrators or any of them"; (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." La.R.S. 9:4210.

Bolton and Kabco argue that an additional jurisprudential ground, "manifest disregard of the law," exists for vacating an arbitrator's award. "Manifest disregard of the law" is an error by the arbitrator that is "obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator." *Crescent*, 158 So.3d at 803, n.3. It "implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore it or pay no attention to it." *Id.* Our supreme court has not adopted the rule,[3] observing that the U.S. Supreme Court refused to apply the rule in *Hall*

---

[3] The first circuit has also refused to recognize this jurisprudential rule. *JK Devs., LLC v. Amtek of La., Inc.* 07-1825 (La.App. 1 Cir. 3/26/08), 985 So.2d 199, *writ denied*, 08-889 (La.

*Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396 (2008). In *Hall*, the Supreme Court held that the parties to an arbitration agreement could not expand the grounds for vacating an arbitration award beyond those provided in Sections 10 and 11 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, by including additional grounds to vacate an award in the agreement. For these reasons, we will not consider arguments pertaining to manifest disregard of the law.

### The Merits

We note at the outset that the record before us includes only those documents submitted to the arbitrator that the parties have chosen to submit in support of their arguments. There is no transcript of the hearing conducted by the arbitrator. We further note that neither Bolton nor Kabco assert that they objected to any of the evidence submitted in the arbitration or to any of the arguments made by any party. Neither has shown that any evidence introduced at the hearings and considered by the arbitrator was introduced for a specified or limited purpose. Furthermore, they do not argue that they objected to the arbitrator considering any of the claims that the Browns asserted or the evidence supporting those claims. Lastly, neither Bolton nor Kabco have made arguments or identified evidence that shows the arbitrator conducted himself or the hearings in bad faith.

In their Demand for Arbitration, the Browns identified their claims as:

> Suit against the manufacturer, Kabco Builders, Inc., the seller, Bolton Mfd. Homes, Inc., and the mover/installer, Leesville Mobile Home Movers, LLC, regarding a double-wide manufactured home installed

---

6/20/08), 983 So.2d 1276. This court has discussed the rule but not applied it. *See Detraz v. Banc One Sec. Corp.*, 13-191 (La.App. 3 Cir. 10/9/13), 123 So.3d 875, *writ denied*, 13-2633 (La. 2/7/14), 131 So.3d 865; *Mouret, v. Belmont Homes, Inc.*, 12-55 (La.App. 3 Cir. 5/30/12), 91 So.3d 592; *Young v. Peaslee Capital Grp., LLC*, 08-1298 (La.App. 3 Cir. 4/1/09), 7 So.3d 1258, *Louisiana Physician Corp. v. Larrison Family Health Ctr., L.L.C.*, 03-1721 (La.App. 3 Cir. 4/7/04), 870 So.2d 575.

7

in Ouachita Parish, Louisiana, under Louisiana's New Manufactured and Modular Home Warranty Act, L[a].R.S. 51:912.1-51:912.10. Arbitration agreed to after unsuccessful mediation, based on documents signed by the consumers.

Specify the amount of money in dispute, if any: $150,000.00

State any other relief you are seeking: Attorney Fees Interest Arbitration Costs other: explain: general and personal injury damages

Their Demand for Arbitration references the suit they filed against Kabco and Bolton, seeking general and personal injury damages. Bolton and Kabco were served with copies of the Browns' suit and responded to the suit in the trial court. Additionally, the Browns attached a copy of their suit to their pre-hearing brief. In their pre-hearing and post-hearing briefs, they argued the NMMHWA was not their exclusive remedy and asserted that the arbitrator should consider their claims in light of awards made to claimants under the New Home Warranty Act, La.R.S. 9:3141-3150, which is similar in some respects to the NMMHWA, as well as awards made to claimants for redhibition claims.

The arbitration agreement the Browns signed provides, in pertinent part:

> Any and all disputes, controversies or claims of any kind or nature which arise from or relate to the subject manufactured home . . . documents received, delivered or executed in connection therewith . . . shall be governed by the Federal Arbitration Act . . . shall first be mediated . . . any unresolved claims shall be settled by binding arbitration administered by the [American Arbitration Association] in accordance with its Home Construction Arbitration Rules and Mediation Procedures . . . .

The agreement further provides: "The parties understand and agree that the arbitrator shall have all powers provided by law, and may award any legal or equitable relief, including, without limitation, money damages, declaratory relief and injunctive relief." This statement essentially restates Rule 43 of the Home

8

Construction Arbitration Rules and Mediation Procedures entitled "Form and Scope of Award."[4]

We consider the Browns' arguments that the trial court erred in vacating the abitrator's award by examining the validity of Bolton's and Kabco's arguments that the trial court did not err in vacating the arbitrator's award. They first argue the arbitrator exceeded his authority in ruling on the issue of peremption. Neither Bolton nor Kabco filed an exception of peremption in the arbitration proceeding; however, both raised the issue of peremption in their pre-hearing and post-hearing briefs. Both argued at length that some of the Browns' warranty claims were subject to one-year and/or two-year peremptive periods, as provided in La.R.S. 51:912.4(1)-(2) and La.R.S. 51:912.6. They also outlined the applicable law and identified the specific claims asserted by the Browns that they believed were perempted.

Their arguments clearly presented a dispute that "arise[s] from or relate[s] to the subject manufactured home . . . documents received, delivered or executed in connection therewith," i.e., the issue of peremption. The arbitrator did not exceed his authority in ruling on the issue.

Bolton and Kabco next argue the arbitrator deferred the issue of peremption to the trial court as opposed to deciding the issue himself. If that is the case, the trial court properly considered the issue of peremption. If not, the trial court erred in doing so. The arbitrator addressed the issue, stating:

> It could be argued that this complaint is part of the statutory scheme which should interrupt pre-emption [sic] in addition to the actual filing of the suit. Not interpreting the complaint in this way

---

[4] Rule 43(a) provides: "a) The arbitrator may grant any legally available remedy or relief that the arbitrator deems just and equitable within the scope of the agreement of the parties, including but not limited to, equitable relief and specific performance of a contract."

leads to absurd and contradictory results contrary to public policy for resolving complaints. However, solving this conundrum shall be the purview of the Courts and the Legislature, not this [a]rbitrator.

This [a]rbitrator finds that the correspondence from "Kabco" of March 27, 2014, August 6, 2014[,] and February 3, 2015[,] to Daniel H. Wallis, Deputy Asst. Secretary of Louisiana Manufactured Housing Commission construed additional undertakings, warranties and guarantees to address the specified alleged shortcomings of the home for benefit of the Claimants. The next to last paragraph of the last letter cited (02-03-15) from the Service Manager of "Kabco" reads as follows: "We understand this claim will remain open until all items are completed." Actions of employees and communications from both "Kabco" and "Bolton[,"] as the evidence clearly revealed, also constituted and bolstered these additional obligations undertaken by "Kabco" and "Bolton" to make the home "right" for the Claimants.

Considered in isolation, the arbitrator's initial comments possibly might be interpreted as an indication that he would defer the issue of peremption to the courts and/or legislature. His next statements show otherwise, however, because he proceeded to address the issue and determined that a letter written by Kabco to the Commission created new obligations in favor of the Browns.

Bolton and Kabco next argue the arbitrator exceeded his authority in basing its award in favor of the Browns on correspondence by Kabco to the Commission regarding the Browns' complaints reported in their February 2015 letter because no theory of liability was made known to them before or during the arbitration and no arguments were asserted with regard to the correspondence.

"Louisiana retains a system of fact pleading. La.Code Civ.P. art. 854, official revision comment (a)." *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127, 131. As a result, plaintiffs are not required to plead the theory of their case in their petitions. *Ramey v. DeCaire*, 03-1299 (La. 3/19/04), 869 So.2d 114. The arbitrator had the power to "award any legal or equitable relief, including, without limitation, money damages, declaratory relief and injunctive relief" and

10

did not exceed his authority in basing his award on Kabco's letter to the Commission.

Bolton argues it was denied due process because the arbitrator held it liable for obligations undertaken by Kabco without its knowledge or consent. It contends that it was not a party to Kabco's letters and had no knowledge of the representations Kabco made in them. Kabco also argues it was denied due process because no arguments were made regarding its letters to the Commissioner being a basis of liability.

Arbitration proceedings are not held to the same strict rules as courts; regardless, an arbitrator must be vigilant in affording basic due process. *Pennington v. Cuna Brokerage Sec., Inc.*, 08-589 (La.App. 1 Cir. 10/1/08), 5 So.3d 172, *writ denied*, 08-2600 (La. 1/9/09), 998 So.2d 723. When reviewing an arbitration proceeding, an appellate court must determine whether a party to the proceeding has been "denied a fundamentally fair hearing." *Id*. at 176. "[A] fundamentally fair arbitration hearing requires, at a minimum, notice, opportunity to be heard and to present relevant and material evidence and oral argument before the decision makers." *Id*. at 177.

As noted above, the Browns argued in their briefs that their claims are analogous to redhibition claims wherein there is a presumption of solidary liability between manufacturers and sellers in redhibition actions. *LeGros v. ARC Servs., Inc.*, 03-918 (La.App. 3 Cir. 2/25/04), 867 So.2d 63. According to the arbitrator's award, the Browns also presented evidence showing personal injuries they suffered as a result of the deficiencies in the mobile home.

Bolton has not argued that it objected to any evidence introduced during the arbitration proceeding or that it was denied the opportunity to make any arguments

11

it deemed appropriate in light of the other parties' arguments and the evidence presented. Moreover, it did not include copies of Kabco's letters with the other arbitration documents attached to its appellate brief. Therefore, Bolton has not established that it was denied a fundamentally fair hearing before the arbitrator.

Kabco also has not shown that the arbitrator denied any objections it made at the hearing or refused it the opportunity to present any arguments it chose with regard to the Browns' claims or its letters. Therefore, Kabco failed to show the arbitrator denied it a fair hearing.

Bolton and Kabco lastly argue the arbitrator's award violates the last ground for vacating arbitration awards, i.e., "[w]here the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." La.R.S. 9:4210(D).

We have not found any Louisiana case that addresses this issue in depth. Louisiana's arbitration law is virtually identical to the FAA, and determinations regarding the viability and scope of arbitration clauses are the same under either law. *Aguillard v. Auction Mgmt. Corp.*, 04-2804, 04-2857 (La. 6/29/05), 908 So.2d 1. Consequently, we may consider federal jurisprudence interpreting the FAA when considering Louisiana arbitration issues. *Id.*

In *McVay v. Halliburton Energy Services, Inc.*, 608 F.Appx 222, 225 (5th Cir. 2015), the court conducted a survey of cases summarizing the courts' conclusions regarding claims that an arbitrator imperfectly executed his powers such that a definite award was not made, stating:

> In *Antwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410, 413 (5th Cir.1990), the court found that the arbitrators had not imperfectly executed their powers under § 10(a)(4) because "[t]he award and statement provided by the arbitrators . . . was clear and concise [and] lacked any hint of ambiguity," . . . .

12

. . . . The Second Circuit has described an arbitral award that is "final and definite" as one that "resolve[s] all the issues submitted to arbitration . . . definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,* 157 F.3d 174, 176 (2d Cir.1998) (emphasis omitted). The Third Circuit has held that to be definite, an arbitration award must be "sufficiently specific as to be capable of implementation." *See United Mine Workers of Am. Dist. No. 5 v. Consol. Coal Co.*, 666 F.2d 806, 809-10 (3d Cir.1981). The Seventh Circuit has held that an arbitration award is definite if it "is sufficiently clear and specific to be enforced," *IDS Life Ins. Co. v. Royal Alliance Assocs.*, 266 F.3d 645, 650 (7th Cir.2001), and indefinite if it is "so badly drafted that the party against whom the award runs doesn't know how to comply with it," *Smart v. Int'l Bhd. of Elec. Workers, Local 702,* 315 F.3d 721, 725 (7th Cir.2002) (citing *IDS Life Ins.,* 266 F.3d at 650).

Bolton and Kabco argue that the arbitrator's awards do not satisfy the requirements of La.R.S. 9:4210(D) because the awards against more than one defendant use the phrase "jointly and severally" to designate liability among them and Leesville. Louisiana courts have long held that joint and several liability is solidary liability. *See Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 92, which notes that the term "joint and several tortfeasors [is] the maritime analogue to our state's solidary obligors"; *Wilkinson v. Parker*, 18-431 (La.App. 5 Cir. 12/27/18), 263 So.3d 987, 992, where the court reiterated "that the common law term 'joint and several' is synonymous with the civil law term 'in solido'." Accordingly, the arbitrator's use of the phrase "jointly and severally" is held to be solidary liability. The arbitrator's award satisfies the requirements of the jurisprudence interpreting La.R.S. 9:4210(D).

### Attorney Fees

The Browns seek an award of additional attorney fees for work performed in the trial court and before this court. They point out that the arbitrator awarded them actual and general damages and attorney fees by analogizing the NHWA and

*Prestridge v. Elliott*, 03-94 (La. 6/4/03), 847 So.2d 789, to their claims. We decline to do so. The arbitrator's award of $25,000.00 represents a significant amount of time spent by their attorney presenting their claims. More importantly, neither the parties' arbitration agreement nor the NMMHWA provide for attorney fees.

## DISPOSITION

For the reasons discussed above, Bolton Mfd. Homes, Inc. and Kabco Builders, Inc. failed to sustain their burden of proving the existence of any statutory ground for vacating the arbitrator's award. Accordingly, the trial court's judgment is reversed, and the arbitrator's award is reinstated. All costs of this appeal are assessed to Bolton Mfd. Homes, Inc., Kabco Builders, Inc., and Leesville Mobile Home Movers LLC, in solido.

**REVERSED AND RENDERED.**